IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Betty Funderburke v. Ethicon, Inc., et al.*<br>Case No. 2:12-cv-00957 | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION UNDER *DAUBERT* AND FED. R. EVID. 702 AND 703 TO BAR DR. LONGACRE FROM TESTIFYING ABOUT THE OPINIONS OF NON-DISCLOSED EXPERT DR HANNES VOGEL.**

Plaintiff Betty Funderburke ("Plaintiff") submits this Memorandum in support of her motion to bar Defendants Ethicon's retained expert Teri Longacre, M.D. ("Dr. Longacre") from testifying about the expert opinions of non-disclosed expert Dr. Hannes Vogel ("Dr. Vogel").

1. This Court has limited each side to five retained expert witnesses. One of Defendant's five retained experts is Dr. Longacre, a board certified anatomic and clinical pathologist who will offer opinions relating to her review of Plaintiff's pathology slides[1]. In her expert report, Dr. Longacre states that she:

> relied upon the expert opinions/report of Ethicon's neuropathology expert. There is an overlap in the fields of pathology and neuropathology and it is not uncommon for pathologists to use reports from neuropathologists in their practice. I have independently verified his findings and reach the same conclusions regarding neuropathology issues.

2. The "neuropathology expert" referenced by Dr. Longacre is Dr. Hannes Vogel. Dr. Longacre did not ask Dr. Vogel to assist her in making neuropathology opinions related to

---

[1] *Funderburke* Expert Report of Dr. Longacre (attached as Ex. 1 to Plaintiff's Motion).

1

Ms. Funderburke's specimen, and the two doctors have never spoken about Ms. Funderburke. (Vogel Dep. p. 20:13-15; 21:8-13; 22:12-15; 36:7-10[2]; Longacre Dep. p.26:14-16[3]). Rather, Dr. Vogel was retained by Defendant to offer neuropathology opinions in this case and has prepared a Rule 26 expert report[4]. Dr. Vogel is not, however, one of the five retained experts that Defendant will call at trial in this case.

3. Plaintiff now brings the instant motion to bar Dr. Longacre from testifying about Dr. Vogel's expert report or the opinions it contains. The report is inadmissible hearsay, and Defendant cannot use a testifying expert to avoid this Court's limit on expert witnesses and backdoor into evidence the opinions of a non-testifying expert who will not be subject to cross examination at trial.

4. Under Federal Rule of Evidence 702, this Court acts as a gatekeeper to "ensure that any and all scientific testimony … is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). While Rule 702 was intended to liberalize the introduction of relevant expert evidence, this Court "must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to 'be both powerful and quite misleading.'" *Cooper v. Smith & Nepher, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (internal citations omitted). The proponent of expert testimony must establish its admissibility by a preponderance of proof. *Id.*

5. Applying these standards, Defendant cannot establish the admissibility of Dr. Longacre's "reliance" upon the Rule 26 expert report and opinions of Dr. Vogel. Expert reports are hearsay and generally inadmissible. *Murphy v. Cambridge Integrated Services Group,* 2010

---

[2] Dr. Vogel's deposition was attached as Ex. 2 to Plaintiff's Motion.
[3] Dr. Longacre's deposition was attached as Ex. 3 to Plaintiff's Motion.
[4] Dr. Vogel's *Funderburke* Expert Report was attached as Ex. 4 to Plaintiff's Motion.

WL 2998790, *12 (D. Md. July 27 2010), *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 409 (6th Cir. 2008) (Undisclosed expert's report and conclusions were hearsay.).

6. While Fed. R. Evid. 703 allows a testifying expert to rely upon certain types of otherwise inadmissible evidence in formulating her opinions, the Rule does not allow the Defendant to avoid the five expert limit in this case and introduce Dr. Vogel's opinions into evidence here. As the 4th Circuit has explained:

> Federal Rule of Evidence 703 permits the admission of expert opinion testimony even though the expert has relied on evidence that is inadmissible. But the rule has a proviso as important as the rule's statement regarding admissibility. The opinion is admissible only if the expert has relied on information of a kind reasonably relied on by experts in the field.

*Redman v. John D. Brush and Co.,* 111 F.3d 1174, 1179 (4th Cir. 1997).

7. Dr. Vogel's Rule 26 report is not the type of information reasonably relied upon by pathologists like Dr. Longacre. The Rule 26 report contains one sentence of Dr. Vogel's opinions based upon his review of the pathology slides, and the remainder of the report is a criticism of the Rule 26 expert report of one of Plaintiff's retained experts, Dr. Iakovlev. (See Ex. 4, p.2). Dr. Vogel admitted that his Rule 26 report was generated specifically for this litigation, and was not the type of report that he would ordinarily create in his normal medical practice. (Vogel Dep. p.5:13-23; 18:13-17). Likewise, his Rule 26 report was not something that Dr. Vogel would ordinarily submit to a pathologist like Dr. Longacre. (Vogel Dep. p.39:22-40:4).

8. The Fourth Circuit has expressly stated that "[r]eports specifically prepared for purposes of litigation are not, by definition, 'of a type reasonably relied upon by experts in the particular field.'" *U.S. v. Tran Trong Cuong*, 18 F.3d 1132 (4th Cir. 1994). Accordingly, Dr. Vogel's report is not something that pathologists like Dr. Longacre would reasonably rely upon,

and the contents of the report are inadmissible hearsay. *Id.* at 1144 ("Even though an expert witness may base his opinion on underlying information, it does not follow that the otherwise inadmissible information may come into evidence just because it has been used by the expert in reaching his opinion."), *see also United States v. Grey Bear*, 883 F.2d 1382, 1392-93 (8th Cir. 1989) ("We are persuaded that Fed. R. Evid. 703 does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views."), *Loeffel Steel Products, Inc. v. Delta Brands, Inc.*, 387 F.Supp.2d 794, 808 (Expert could not testify about opinions of non-testifying expert, and "Rule 703 was never intended to allow oblique evasions of the hearsay rule.").

9. Dr. Longacre's "reliance" upon Dr. Vogel's Rule 26 report is a transparent attempt by Defendant to avoid this Court's limit on the number of expert witnesses. Dr. Longacre did not actually rely upon Dr. Vogel's report in this case, as she formulated her opinions in January and February, 2016, (Longacre Dep. p.13:1-7). Dr. Vogel did not even receive the slides for review until February 29, 2016, (Vogel Dep. p.16:14-17), and his report was not finalized and signed until March 15, 2016. (Vogel Dep. p.33:17-21, Ex. 4 p.3). Dr. Longacre signed her report one day later on March 16, 2016. (See Ex. 1, p.3). Because Dr. Longacre reached her opinions a month or so before Dr. Vogel had completed his report, she clearly did not rely upon Dr. Vogel's report to formulate any of her own opinions, and the references to Dr. Vogel's report are an improper effort to avoid the five expert rule.

10. Indeed, Dr. Longacre admitted that she did not actually rely upon anything in Dr. Vogel's Rule 26 report. Dr. Longacre's Rule 26 report states that she "independently verified [Dr. Vogel's] findings and reach the same conclusions regarding neuropathology issues." (Ex. 1, p.1). Similarly, Dr. Longacre testified at deposition as follows:

> Q. In Ms. Funderburke's case, your opinions are based, in part, on the conclusions of Dr. Vogel's report; is that correct?
>
> A. That's correct, in part. Yes.
>
> Q. **Which opinions from Dr. Vogel's report are you relying on for your opinions in Ms. Funderburke's case?**
>
> A. **I see it more as his opinions are corroborating mine as opposed to relying**. So basically his assessment of whether or not the nerves, if there are nerves present, No. 1, and No. 2, if they're histologically abnormal.
>
> Q. **Why do you need Dr. Vogel to corroborate your opinions with regards to the presence of nerves or the condition of the nerves in regards to Ms. Funderburke?**
>
> A. **I don't know that I really needed it…**

Longacre Dep. p.34:17-35:6 (emphasis added). Dr. Longacre did not rely upon Dr. Vogel's report, and Defendant is improperly attempting to introduce a sixth retained expert's opinions into evidence.

11. It is well settled that an expert witness cannot bolster her opinions by testifying that a non-testifying expert's conclusions were essentially the same as the expert witness's conclusions. *Tran Trong Cuong,* 18 F.3d at 1144 (Improper to allow expert to use non-testifying expert's findings to convince the jury of the accuracy and reliability of expert's opinions and to put the non-testifying expert's opinions before the jury without subjecting the non-testifying expert to cross examination.), *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 409 (6th Cir. 2006) (Expert's testimony that his conclusions were similar to the conclusions reached by a non-testifying expert was inadmissible.), *United States v. Grey Bear*, 883 F.2d 1382, 1392-93 (8th Cir. 1989) (Expert witness cannot testify that non-testifying experts corroborate his views.); *In re Whirlpool Corp. Front Loading Washer Products Liability Litigation*, 45 F.Supp. 3d 724, 747 (N.D. OH. 2014) (Expert will not be permitted to offer testimony that non-disclosed experts

vouch for his work), *Bouygues Telecom, S.A. v. Tekelec*, 472 F.Supp.2d 722, 730 (E.D. N.C. 2007) (The court "performing its gatekeeping function necessarily must ensure that [the expert] is not merely parroting the opinions of others…"), *McLeod v. Dollar General*, 2014 WL 4634962, *6 (E.D. Pa. 2014) ("Importantly, F.R.E. 703 does not authorize experts to merely 'parrot' the ideas and opinions of other experts or individuals.").

12. In *Bouygues Telecom, S.A. v. Tekelec*, 472 F.Supp.2d 722 (E.D. N.C. 2007), the court limited the number of experts per side to five, forcing the plaintiff to choose which two of seven experts to let go. In withdrawing the two experts' reports, the plaintiff sought to have the remaining five experts adopt verbatim the withdrawn expert reports. The Court rejected this tactic, explaining that if the opinions of the withdrawn experts was the same as that of the adopting expert, the information would be cumulative and inadmissible. *Id.* at 729. If the information was instead the domain of the withdrawn expert, however, it was inadmissible under Fed. R. Evid. 702, as an expert with a perhaps overlapping, yet admittedly different area of expertise is not permitted to merely adopt and incorporate verbatim another expert opinion. *Id.* at 729.

13. Like in *Bouygues Telecom*, Defendant cannot avoid the Court's limit on expert witnesses here by having Dr. Longacre testify about the opinions of Dr. Vogel. To the extent that Dr. Vogel's opinions are the same as Dr. Longacre's opinions (and they apparently are), Dr. Vogel's opinions are cumulative and inadmissible. If the opinions are different, however, then Dr. Longacre is implying that she is unqualified to offer the opinions herself, and she cannot be used as the mouthpiece for Dr. Vogel's expert opinions. *See Malletier v. Doney & Bourke, Inc.*, 525 F.Supp.2d 558, 664 (S.D.N.Y. 2007) (Although Rule 703 allows experts to rely on opinions of others, "the expert witness must in the end be giving his own opinion. He cannot simply be a

conduit for the opinion of an unproduced expert."), *Fowler v. United States*, 2009 WL 2827958, *9 n. 59 (W.D. La. Sept. 1, 2009) ("It is well settled that an expert … may not simply parrot the work actually done by another expert…").

14. Dr. Longacre can testify at trial about her own opinions, but she cannot testify that her opinions are corroborated by Dr. Vogel or otherwise testify about his Rule 26 report or the opinions that he holds in this case. Accordingly, this Court must exercise its gatekeeping responsibilities under Fed. R. Evid. 702 and 703 and *Daubert* and bar this testimony.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court bar Dr. Longacre from testifying to, mentioning, referring to and/or attempting to convey, whether directly or indirectly, any mention of Dr. Hannes Vogel, his Rule 26 report, or any of his opinions.

Respectfully Submitted,

By: /s Frank V. Cesarone
Frank V. Cesarone, Esq.
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, IL 60174
Phone: (630) 232-6333
Fax: (630) 845-8982
fvc@meyers-flowers.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Date: April 21, 2016                      /s/ Frank V. Cesarone
                                                Frank V. Cesarone
                                                Meyers & Flowers, LLC
                                                3 N. 2nd Street, Suite 300
                                                St. Charles, IL 60174
                                                630-232-6333
                                                630-845-8982 (f)
                                                fvc@meyers-flowers.com