# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327**<br>**MDL 2327** |
| **THIS DOCUMENT RELATES TO:**<br>*Betty Funderburke v. Ethicon, Inc., et al.*<br>Case No. 2:12-cv-00957 | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. TERI LONGACRE, M.D.

### INTRODUCTION AND SUMMARY

This Court has already ruled on this precise issue in this very case. Ex. A, 3/24/16 Telephone Conf. Tr. ("Telephone Conf.") 9–10, *In re: Ethicon Pelvic Repair Sys. Prods. Liab.*, No. 2:12-md-00957. Plaintiff previously challenged Dr. Longacre's reliance on the opinion of Dr. Vogel, a non-disclosed neuropathologist. This Court ruled that it is conceptually proper for a disclosed gynecological pathologist to rely upon a non-disclosed neuropathologist in forming opinions *id.* at 10:5–6 and that the specific circumstances and extent of that reliance cannot be addressed until trial when the Court is able to assess the particular questions asked and the foundation laid for the use of this testimony. *Id.* at 10:12–13.

### BACKGROUND

In this litigation, Plaintiff seeks to introduce testimony from their expert pathologist regarding neuropathology issues, including the opinion that the presence of small nerve fibers ("nerve twigs") within a mesh explant necessarily implies that the patient suffered pain.

Ethicon's expert gynecological pathologist, Dr. Teri Longacre, will rebut this testimony based on independent conclusions formed by relying on her own experience and expertise. Dr. Longacre also relied upon a report prepared by Dr. Hannes Vogel, a non-testifying neuropathologist who reviewed the slides in this case. Because the testifying pathologist considered or relied upon the report from Dr. Vogel, Ethicon made Dr. Vogel available for deposition. Plaintiff deposed Dr. Vogel with respect to his case-specific opinions on March 24, 2016. *See* Pl.'s Am. Notice Dep. Vogel [ECF No. 101].

## ARGUMENT

Dr. Vogel is the associate chair of neuropathology at the Stanford University Medical Center. He is not a disclosed expert in this case. Instead, as Plaintiff acknowledges, Dr. Teri Longacre, MD—a gynecological pathologist and one of Ethicon's five designated experts—consulted Dr. Vogel's report as part of Dr. Longacre's review of this case.

Plaintiff argues that "Defendant is improperly attempting to introduce a sixth retained expert's opinions into evidence." Pl.'s Mem. Supp. Mot. to Bar Longacre at 5 [ECF No. 119]. Thus, Plaintiff seeks to exclude all of Dr. Longacre's findings, opinions, and conclusions to the extent that they rely on or reference Dr. Vogel.

Ethicon has not designated Dr. Vogel as an expert in this case and will not call Dr. Vogel as a witness at trial. Therefore, he is not a "sixth" expert as Plaintiff claims in the Motion.

To the extent Plaintiff challenges any of Dr. Longacre's opinions because he relied on Dr. Vogel's report, the Court previously addressed this issue in a telephonic hearing on March 24, 2016. During that hearing, Plaintiff argued that Dr. Vogel's report was "strictly a legal consultation in order to give additional weight and credibility" to Dr. Longacre's opinion and thus should be excluded. Ex. A, Telephone Conf. 6:18–20. The Court held that, while Dr.

Longacre could not read from the Dr. Vogel's report, she could certainly rely on the report to form an opinion:

> THE COURT: I understand - - I understand what you're telling me. You're telling me that [Ethicon is] trying to take Dr. Vogel's opinions, qualifications, and expertise and have it all brought in through Dr. Longacre. And no, I am not going to allow that.
>
> But if—if Dr. Vogel is allowed to read peer-reviewed literature written by people like Vogel . . . she is likewise permitted to consult with people like that in forming his or her own opinion.

*Id.* at 9:23–10:6.

The Court should follow its prior ruling and deny Plaintiff's Motion as premature. To the extent Plaintiff argues that Dr. Longacre's reliance on Dr. Vogel's report exceeds permissible bounds, that challenge should be addressed at trial after the Court has had the opportunity to review the specific questions and foundation of the proposed testimony. *Id.* at 10:12–13.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion to exclude certain opinions of Dr. Longacre.

Respectfully submitted,

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
Thomas Combs & Spann PLLC
300 Summers Street, Suite 1380 (25301)
P.O. Box 3824
Charleston, WV  25338
(304) 414-1800
dthomas@tcspllc.com

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523
christy.jones@butlersnow.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL 2327 |
| **THIS DOCUMENT RELATES TO:**<br><br>*Betty Funderburke v. Ethicon, Inc., et al.*<br>Case No. 2:12-cv-00957 | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

I certify that on May 9, 2016, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ David B. Thomas*
David B. Thomas (W.Va. Bar #3731)
THOMAS COMBS & SPANN PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV  25338
(304) 414-1800
dthomas@tcspllc.com