# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
 2             FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
 3                            AT CHARLESTON
 4
 5    _____
                                          )
 6    IN RE:  ETHICON, INC., PELVIC       )  MDL NO.
                                          )  2:12-md-00957
 7    REPAIR SYSTEM PRODUCTS LIABILITY    )
      _____)
 8
 9
                    TRANSCRIPT OF TELEPHONE CONFERENCE
10              BEFORE THE HONORABLE JOSEPH R. GOODWIN
                       UNITED STATES DISTRICT JUDGE
11               THURSDAY, MARCH 24, 2016; 10:11 A.M.
                             CHARLESTON, WV
12
13
14
15       Proceedings recorded by mechanical stenography,
      transcript produced by computer.
16
                     Mary A. Schweinhagen, RDR, CRR
17                    Federal Official Court Reporter
                          300 Virginia Street, East
18                         Charleston, WV  25301

19                        *** *** *** ***
```

*Mary A. Schweinhagen   (304)347-3188*

1    MR. CESARONE: Your Honor, so from the plaintiff's
2 perspective, this is not a consult; first of all, it's not a
3 consultation by Dr. Longacre to Dr. Vogel. If -- if this
4 was at Stanford and Dr. Longacre was looking for a
5 neuropathology opinion, she would go down the hall and ask
6 Dr. Vogel for his objective analyses on this.
7    What we have here is Dr. Longacre doing an analyses and
8 then getting a supplemental analyses from a biased third
9 party, Dr. Vogel, who has been retained not to give an
10 objective evaluation of the pathology in this case but,
11 instead, to create a report solely in response to the
12 pathology evaluations and report of a expert from the
13 plaintiffs.
14    So this is not -- this is not a situation where someone
15 is consulting with a colleague in the normal course of
16 business.
17    THE COURT: You --
18    MR. CESARONE: This is strictly a legal
19 consultation in order to give additional weight and
20 credibility.
21    THE COURT: So are you saying --
22    MR. CESARONE: -- have opinions that --
23    THE COURT: Let me interrupt you. So are you
24 saying to me that the data relied upon in forming this
25 opinion would be appropriate if the person offering the

little more precise. If the question posed to Dr. Longacre is, "Dr. Longacre, would you please read Dr. Vogel's opinion upon which you relied?" I'm not going to allow that.

If the -- if the question is, "Dr. Vogel, did you have data and information that you were made aware of or personally observed that was the kind of data that doctors like yourself would reasonably rely on?" and the answer's "Yes," then, "What data did you have that you reasonably relied upon?"

Well, the opinion is not necessarily that data.

I can't tell without a foundation and the development of the testimony whether -- whether it's admissible from Longacre or not. Whether it's admissible from Vogel is not material.

Do you understand what I'm saying what my concern is?

MR. CESARONE: Sure. I understand completely, but the -- I think there's kind of a putting-the-cart-before-the-horse scenario here, Your Honor, in that you set forth the number of experts to which defendant can use in each individual case. And what defendants effectively are doing is they have retained a case-specific expert in Ms. Funderburke's case --

THE COURT: I understand -- I understand what you're telling me. You're telling me that they are trying to take Dr. Vogel's opinions, qualifications, and expertise

1  and have it all brought in through Dr. Longacre.  And, no, I
2  am not going to allow that.
3      But if -- if Dr. Longacre is allowed to read
4  peer-reviewed literature written by people like Vogel, he
5  is -- he or she is likewise permitted to consult with people
6  like that in forming his or her own opinion.
7      I think you said Longacre was a her; is that right?
8          MR. CESARONE:  That is correct, Judge.  It's Teri
9  Longacre.  And it is a female.
10         THE COURT:  All right.  Here's what we're going to
11  do.  I'm going to allow you to take the deposition, and
12  because -- and I'm going to rule on this at trial after I
13  hear the questions and the foundation.  I'm sorry to -- I
14  hate to expand the expense and the -- I know you are under
15  time constraints, but I'll allow the deposition.  It cannot
16  take more than an hour.  All right?
17         MR. COMBS:  Your Honor, with regards to the
18  depositions, the depositions are set for two hours.
19         THE COURT:  Okay.  Well, I've cut it to an hour.
20  So I'll talk -- I'll see you soon.
21     I'll show your objection.
22     Thank you, gentlemen.  Bye-bye.
23     (Proceedings concluded at 10:24 a.m.)
24
25

*Mary A. Schweinhagen   (304)347-3188*

```
 1                CERTIFICATE OF REPORTER
 2
 3          I, Mary A. Schweinhagen, Federal Official Realtime
 4   Court Reporter, in and for the United States District Court
 5   for the Southern District of West Virginia, do hereby
 6   certify that pursuant to Section 753, Title 28, United
 7   States Code that the foregoing is a true and correct
 8   transcript of the stenographically reported proceedings held
 9   in the above-entitled matter and that the transcript page
10   format is in conformance with the regulations of the
11   Judicial Conference of the United States.
12
13   s/Mary A. Schweinhagen
14   _____  March 31, 2016
15   MARY A. SCHWEINHAGEN, RDR, CRR
     FEDERAL OFFICIAL COURT REPORTER
16
```